[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, having served on January 13, 1998, as the trier of fact and law, issues the following determinations.
Plaintiff has failed to sustain her burden of proof as to damage to carpets or the dragon bird during defendants' stewardship.
Plaintiff has also failed to sustain her burden of proof as to the presence of the Hadschlu carpet in the quantity of goods stored with defendants.
The court also finds that the contention advanced at trial by defendants, that this storage constituted a bailment for hire, was also unproven.
The court did conclude, however, that defendants were not justified in withholding the goods at any time after plaintiff CT Page 1735 sought their return. Documentation introduced reflected at least one such demand for return. (See Plaintiff's Exhibit 5, page 2.) This demand precedes the plaintiff's move to Arizona at some (unspecified) point in 1995. It is felt that a proximately caused consequence of defendants' failure to allow return of the goods was that the goods would have to go to Arizona not for free, in plaintiff's husband's company — paid move, but at private cost to plaintiff.
On the other hand, the court does not accept plaintiff's claim that a specialty mover is needed nor that $3000 would be the cost. One thousand ($1000) dollars is awarded for that expense.
If plaintiff wishes to challenge said point, she must do so by written estimate from a Connecticut company or franchise (in case defense wants to cross examine).
Ordered:
1. Defendants to permit goods to be picked up by plaintiff or her representative within thirty days from receipt hereof at time to be mutually agreed upon.
2. Defendants to pay $1000 to plaintiff within forty days from receipt hereof.
3. If plaintiff wishes to challenge the amount of moving costs awarded, notice of such intent must be filed with the court within the same thirty day period and a new deadline, probably within two to three weeks thereafter, will be set.
4. If plaintiff challenges such moving reimbursement, defendants may withhold the payment ordered in paragraph 2 until plaintiff's resubmitted costs are adjudicated.
Nadeau, J.